FILED
98 SEP 28 AM 9: 48
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CARMEN JONES,** | } | |
| Plaintiff, | } | |
| v. | } | CASE NO. CV 97-B-2431-S |
| **COLONIAL BANCGROUP,** | } | |
| Defendant. | } | |

ENTERED
SEP 2 8 1998

## MEMORANDUM OPINION

Currently before the court is the Motion of the defendant, Colonial BancGroup ("Colonial" or "defendant"), to Dismiss or, alternatively, for Summary Judgment. Also before the court is the Motion of the Plaintiff ("Ms. Jones" or "plaintiff") to Strike. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss or, alternatively, for Summary Judgment, is due to be granted as to plaintiff's Title VII claim, § 1981 claim and Thirteenth Amendment claim. The court is also of the opinion that plaintiff's Motion to Strike is due to be denied.

## FACTUAL SUMMARY

Plaintiff's employment with defendant was terminated on February 28, 1994. (Compl. ¶ 5.) On March 4, 1994, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). (Compl. ¶ 7.)

In 1995, plaintiff moved from her old address at 1231 21st Street North to a new home located at 121 Rosebud Road. (Jones Aff. ¶¶ 2, 4.) Jones states that she reported her change of address to the EEOC in 1995. (Jones Aff. ¶ 2.) Jones further states that in 1996, she was

interviewed by Kress, the EEOC investigator for her charge, and notified him of her change of address. (Jones Aff. ¶ 2-3.)

On February 14, 1996, the EEOC issued its determination, finding no violation of Title VII and informing plaintiff of her right to sue.[1] Shortly after the EEOC issued its determination, plaintiff filed a complaint in state court on February 23, 1996, alleging assault and battery against her former supervisor and Colonial BancGroup. The state court complaint did not make any allegation of race discrimination. On February 20, 1997, in a telephone conference concerning the scope of plaintiff's claims in her state court case, plaintiff's counsel confirmed that the state lawsuit did not include any claim of race discrimination. (Vreeland Aff.) He further informed plaintiff's counsel that the EEOC had issued to plaintiff a Notice of Right to Sue over a year before. (Vreeland Aff.) On March 31, 1997, Vreeland filed with the state court and served on plaintiff's counsel, defendant's Witness and Exhibit List which included:

30. Determination of the Equal Employment Opportunity Commission on Plaintiff's Charge of Discrimination.

36. Letter to Carmen Thomas from Henry C. Kress, dated February 14, 1996.

On May 20, 1997, plaintiff amended her state court complaint to add claims for invasion of privacy and outrage. The amended complaint did not allege any type of race discrimination.

On September 10, 1997, the instant complaint was filed making allegations of discrimination in violation of Title VII. The Complaint was filed 573 days after the EEOC issued

---

[1] Albert L. Vreeland, counsel for defendant, states that he received the EEOC's Dismissal and Notice of Rights concerning plaintiff's charge by mail on February 16, 1996. (Vreeland Aff.)

plaintiff her Notice of Right to Sue, 202 days after defense counsel notified plaintiff's counsel of the same, and 163 days after the EEOC determination appeared on defendant's Witness and Exhibit List in the state case. In her affidavit, Jones attests that she did not receive any correspondence from the EEOC after her 1996 interview with Kress. (Jones Aff. ¶ 3.) In addition, she states that, for many months during 1996 and 1997, she called the EEOC numerous times to ask about the status of her charge. *Id.*

Plaintiff claims that in June of 1997 she spoke with a supervisor at the EEOC about her charge. (Jones Aff. ¶ 3.) Plaintiff states that the supervisor told her that a Right to Sue letter had been mailed to plaintiff's old address in February, 1996. *Id.* Plaintiff claims that she told the supervisor that she had never received such a letter. *Id.* According to plaintiff, the supervisor agreed to mail a letter to plaintiff's new address, and plaintiff did receive the letter a few days later. *Id.* Plaintiff's evidence shows that the letter plaintiff received from the EEOC in June, 1997, contained a handwritten note saying "remailed - 6/13/97." On September 10, 1997, less than 90 days after receiving the "remailed" letter, plaintiff filed her complaint in this court, alleging violations of Title VII, 42 U.S.C. § 1981, and the Thirteenth Amendment to the United States Constitution.[2]

---

[2] In her Brief in Opposition to defendant's Motion for Summary Judgment, plaintiff does not contest defendant's contention that her § 1981 and Thirteenth Amendment claims are due to be dismissed as a matter of law. Therefore, the court assumes that plaintiff concedes that these claims are without merit and are due to be dismissed, and will discuss defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment, only as it relates to plaintiff's Title VII claims.

## DISCUSSION

Title VII requires that suit be brought within 90 days after receipt of notice of the Right to Sue. 42 U.C.C. § 2000e - 5(f)(1). Defendant moves for summary judgment on plaintiff's Title VII claim on the grounds that plaintiff failed to bring her claim within the 90-day statute of limitations period for Title VII claims. In support of its motion, defendant argues that plaintiff had constructive receipt of the EEOC's Right to Sue letter prior to receiving the "remailed" letter in June of 1997. Defendant argues that plaintiff was constructively notified of the existence of the Right to Sue letter either on February 20, 1997, the date that defense counsel allegedly notified plaintiff's counsel that a Right to Sue letter had been issued, or on March 31, 1997, the date defendant submitted its witness and exhibit list to plaintiff's counsel during proceedings initiated by plaintiff in state court. *See* Def.'s Mot. to Dismiss 3-4. Plaintiff, on the other hand, claims that she did not receive notice of the EEOC's Right to Sue letter until she actually received the "remailed" letter in June of 1997.

Defendant's Motion for Summary Judgment turns on whether the court considers the time for filing suit to commence when plaintiff has actual receipt of the EEOC's Right to Sue letter, or when she is in constructive receipt of the Notice. If the court finds that plaintiff constructively received the Right to Sue letter either when plaintiff's counsel was notified by telephone that the Right to Sue had been issued or when plaintiff received defense counsel's witness and exhibit list, this case is due to be dismissed because the complaint was not timely filed. On the other hand, if the court requires "actual receipt," plaintiff would be deemed to have received the Right to Sue letter when it was remailed to her new address in June of 1997, thus rendering plaintiff's complaint timely filed within Title VII's 90-day statute of limitations.

4

The Eleventh Circuit has adopted a case-by-case approach in determining what constitutes receipt and when the time is triggered. *See Stallworth v. Wells Fargo Armored Services Corp.*, 936 F.2d 522, 523 (11th Cir. 1991); *Bell v. Eagle Motor Lines, Inc.*, 693 F.2d 1086, 1087 (11th Cir. 1982). However, a plaintiff is required to assume some minimal responsibility to ensure receipt. *See Id.*

The facts of this case resemble those found in *Lewis v. Conners Steel Company*, 673 F.2d 1240 (11th Cir. 1982). In *Lewis*, the claimant filed a charge with the EEOC while he was living at a temporary address in Birmingham. *Lewis*, 673 F.2d at 1241. Approximately one month later, the EEOC sent a Right to Sue letter by registered mail to the claimant's temporary address. *Id.* In the meantime, the claimant had moved to Dolomite, Alabama. *Id.* Plaintiff denied that he had received the letter, and EEOC records fail to show whether or not the claimant actually signed the receipt for the letter. *Id.* Thus, in *Lewis*, there was a factual dispute as to whether the claimant had constructively or actually received the original Right to Sue letter issued by the EEOC.

In *Lewis*, the Eleventh Circuit concluded that a claimant must assume the burden of advising the EEOC of any change of address. The opinion states:

> We believe it to be fair and reasonable for the plaintiff, as suggested by the trial judge, to assume the burden of advising the EEOC of address changes or to take other reasonable steps to ensure delivery of the notice to his current address. Whether plaintiff did or did not, we cannot tell without knowing what his evidence may be. If he did not contribute that minimum assistance to the process, he should not be heard to complain that he did not receive the letter delivered to the last address known to the EEOC, unless he can show . . . that other "fortuitous circumstances" or "events beyond his control" intervened, and that he "through no fault of his own" failed to receive the suit

> letter. Placement of this de minimis burden on the plaintiff also
> comports with the legislative purpose undergirding the ninety-day
> filing period, which "is a protection to the employer and is
> plainly there for its benefit alone."

*Lewis*, 673 F.2d at 1243. The Eleventh Circuit then reversed and remanded the case to allow the claimant to present any evidence that he had notified the EEOC of his change of address. Thus, although *Lewis* does not specify whether the doctrine of "constructive" or "actual" receipt applies, the opinion does suggest that, where the evidence shows that a claimant did notify the EEOC of a change of address but failed to receive a Right to Sue letter through no fault of his own, such evidence may toll the running of the statutory period until the claimant receives actual notice of his right to sue under Title VII.

There are two facts present in this case which distinguish it from *Lewis*. First, the court finds that plaintiff received constructive notice of the issuance of her Right to Sue Letter when her attorney[3] was told on February 20, 1997, that the EEOC had issued a Notice of Right to Sue over a year before. Plaintiff's counsel was also informed that the EEOC had issued plaintiff a Notice of Right to Sue when defendant served its Witness and Exhibit List in the state court case on March 31, 1997. This court is of the opinion that the 90-day statute of limitations began to run when the plaintiff's attorney received notice of the issuance of the EEOC Notice of Right to Sue letter.

The Supreme Court has stated that "[u]nder our system of representative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Irwin v. Dep't of Veterans*

---

[3] Plaintiff's counsel in this case also represented plaintiff in her state court case.

6

*Affairs*, 498 U.S. 89, 92 (1990). The court further stated that "[t]o read the term "receipt" to mean only "actual receipt by the claimant" would render the practice of notification through counsel a meaningless exercise." *Id*. at 93. Plaintiff's attorney in this case was given notification of the issuance of the EEOC Right to Sue letter on two separate occasions. (Vreeland Aff.) Defendant's attorney, Alfred L. Vreeland, stated in his affidavit that on "February 20, 1997, in a telephone conversation with Ms. Jones' attorney, I again inquired about the scope of the state complaint....During this conversation, I informed Ms. Jones' attorney that the EEOC had issued a Notice of Right to Sue to Ms. Jones over a year before." *Id*.

Furthermore, Mr. Vreeland gave plaintiff notice of the issuance of the Right to Sue letter again on March 31, 1997, when he served the Defendant's Witness and Exhibit List for the state court proceedings on plaintiff's attorney. (Aff. Vreeland at 2). The list included both the plaintiff's notice of Right to Sue and a letter from the EEOC investigator, Henry Kress, concerning the dismissal of the plaintiff's charges. This was the second notification given to the plaintiff regarding the issuance of the Right to Sue letter.

"There is no reason why a plaintiff should enjoy a manipulable open-ended time extension which would render the statutory limitation meaningless. Plaintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute." *Law v. Hercules, Inc*, 713 F.2d 691, 692 (11th Cir. 1983)(quoting *Lewis*, 673 F.2d at 1242). To make any colorable claim of diligence, the plaintiff would have been required to file her Title VII claim within 90 days from notice to her counsel that the Right to Sue letter had been issued. Because plaintiff did not file her Title VII claim within 90

days of such notice, defendant's Motion for Summary Judgment is due to be granted.

## MOTION TO STRIKE

Plaintiff moves the court to strike the portions of the affidavit filed by Alfred L. Vreeland in which he states that he made oral representations to plaintiff's counsel regarding the issuance of the EEOC letter. Plaintiff's attorney asserts that this conversation can not serve as constructive receipt and should be considered irrelevant. The plaintiff cites no authority to support his contention and, as noted above, the court disagrees.

Plaintiff's counsel filed an affidavit stating that the plaintiff could not fully defend against the summary judgment motion without some discovery from defense attorney Vreeland regarding his affidavit, and that Vreeland was not available to the plaintiff for an interview for a counter-affidavit. Plaintiff's attorney could have easily filed an affidavit of his own disputing any and all of the conversation recounted by Vreeland if he felt that defense counsel recounted any of the conversation inaccurately. Plaintiff's counsel submitted no affidavit of his own disputing the conversation. The court finds the plaintiff's arguments without merit. The Motion to Strike is due to be denied.

## CONCLUSION

The court finds that plaintiff did receive sufficient notice to begin the running of the 90-day statutory period under Title VII when her attorney received notice by a telephone conversation and by an exhibit list provided by the defendant's attorney. Therefore, plaintiff's complaint was untimely under Title VII. Accordingly, defendant's Motion to Dismiss, or, in the alternative, for Summary Judgment, is due to be granted as to plaintiff's Title VII claims. For the reasons stated above, defendant's Motion to Dismiss as to plaintiff's § 1981 and

8

Thirteenth Amendment claims is due to be granted and Plaintiff's Motion to Strike is due to be denied. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 28th day of September, 1998.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge